**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62824-CIV-ALTONAGA**

**OLGA LUCIA QUINTERO GOMEZ,**

Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL CENTER**, *et al.*,

Respondents.
______________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Olga Lucia Quintero Gomez's Verified Petition for Writ of Habeas Corpus . . . [ECF No. 1]. Petitioner challenges her immigration detention at the Broward Transitional Center in Pompano Beach, Florida. (*See generally id.*). Respondents filed a Response [ECF No. 5]; to which Petitioner filed a Reply [ECF No. 8]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is dismissed without prejudice.

***Background.*** Petitioner is a Colombian citizen who entered the United States on November 5, 2015 on a temporary visa. (*See* Pet. ¶ 8; Resp. 2).[1] Petitioner was authorized to remain in the country until May 4, 2016. (*See* Pet. ¶ 13; Resp. 2). In early August 2026, Petitioner was detained by Immigration and Customs Enforcement after it determined she had overstayed her visa. (*See* Resp. 2). On August 12, 2026, the Department of Homeland Security placed Petitioner in removal proceedings. (*See id.*). Petitioner was given a Notice to Appear ("NTA"), formally charging her with removability under section 237(a)(1)(B) of the Immigration and

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Nationality Act for overstaying her visa. (*See id.*; *see also id.*, Ex. E, NTA [ECF No. 5-5] 1).

On September 11, 2026, an Immigration Judge ("IJ") denied Petitioner's request for bond after determining she was a flight risk. (*See* Pet. ¶ 18; *see also* Resp. 3; *id.*, Ex. G, Order of the IJ [ECF No. 5-7] 1). Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") on October 6, 2026. (*See* Pet. ¶ 31; Resp. 3). That appeal remains pending. (*See* Resp. 3).

On October 7, 2026, Petitioner filed her Petition, asserting a single claim for relief. (*See generally* Pet.). Petitioner challenges the adequacy of her September bond hearing and asserts she has been denied due process in violation of the Fifth Amendment. (*See id.* ¶¶ 39–47). Among other things, Petitioner insists the Government should bear the burden of demonstrating that continued detention is appropriate. (*See id.* ¶ 43). Respondents argue Petitioner is properly detained under 8 U.S.C. section 1226 and that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies before seeking habeas relief. (*See generally* Resp.).

***Legal Standard.*** District courts have the authority to grant petitions for writs of habeas corpus. See 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

***Discussion.*** Respondents assert the Petition should be dismissed because Petitioner has a pending appeal before the BIA and has therefore failed to adequately exhaust her administrative remedies. (*See* Resp. 4–5). Petitioner asks the Court to excuse the exhaustion requirement, arguing her habeas challenge is distinct from her pending appeal. (*See* Pet. ¶¶ 31–34; *see also* Reply 4–5). Respondents have stronger arguments.

Before starting a proceeding under 28 U.S.C. section 2241, a petitioner must exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although exhaustion is not jurisdictional, the "exhaustion requirement is still a requirement[.]" *Id.* (alteration added). So, while a court may "skip over the exhaustion issue if it is easier to deny . . . the petition on the merits[,]" it may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* (alterations added; citation omitted).

The parties agree that Petitioner has an appeal pending before the BIA. (*See* Pet. ¶ 31; Resp. 3). And while Petitioner attempts to distinguish her constitutional challenge from the BIA appeal (*see* Pet ¶¶ 32–34), she concedes that ongoing "administrative review may still develop the record or provide release, potentially avoiding the need for constitutional adjudication" (Reply 4). That is precisely why exhaustion is required. *See, e.g.*, *Cepeda v. Shanahan*, No. 15-Civ-09446, 2016 WL 3144394, at *2 (S.D.N.Y. Apr. 22, 2016) ("It is prudent to give the agency the first crack at correcting its own errors, especially when administrative resolution of a petitioner's claims may enable the agency to resolve the case on nonconstitutional grounds." (alterations adopted; quotation marks and citations omitted)).

Although Petitioner has taken steps to pursue her available administrative remedies, she "has failed to exhaust [her] administrative remedies because [her] appeal of the immigration judge's order is still pending." *Mendez-Garcia v. Warden, Baker Cnty. Det. Ctr.*, No. 26-cv-1218, 2026 WL 3022503, at *1 (M.D. Fla. Oct. 8, 2026) (alterations added); *see also Matt v. Chestnut*, No. 26-cv-05616, 2026 WL 3015566, at *3 (E.D. Cal. Oct. 7, 2026) ("Because Petitioner's appeal to the BIA remains pending, Petitioner has not yet exhausted [her] administrative remedies." (alteration added)).

Thus, it is

**ORDERED** that Petitioner, Olga Lucia Quintero Gomez's Verified Petition for Writ of Habeas Corpus . . . **[ECF No. 1]** is **DISMISSED without prejudice**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 4th day of November, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**